FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE BALLESTEROS,<br><br>Defendant. | No. 2:22-MJ-00136-JAG-1<br><br>ORDER FOLLOWING<br>INITIAL APPEARANCE<br>ON CRIMINAL COMPLAINT<br><br>**USMS ACTION REQUIRED** |

The Court held an initial appearance for a Criminal Complaint filed against Defendant JORGE BALLESTEROS on May 5, 2022.  Defendant appeared while in custody via video conference from Richland and was represented by Assistant Federal Defender Craig Webster, who also appeared via video teleconference from Richland.  Assistant U.S. Attorney Caitlin Baunsgard represented the United States.  U.S. Probation Officer Elizabeth Lee was also present via video teleconference from Richland.  Defendant consented to proceed via video teleconference.

Defendant was advised of, and acknowledged, his rights.  A denial of the allegations in the Criminal Complaint was entered on behalf of Defendant.

The United States is seeking detention.  **ECF No. 6**.  Defendant requested a detention hearing.  A **detention hearing is scheduled for <u>May 10, 2022, at 2:30 p.m.</u>**, before the undersigned.  **Defendant shall appear from Richland Courtroom 326.**

Defendant requested that a Supplemental Pretrial Services Report be prepared.  **Accordingly, the U.S. Probation Office shall prepare a Pretrial**

ORDER - 1

**Services Report prior to the detention hearing and shall notify defense counsel prior to interviewing Defendant.**

Defendant requested a preliminary hearing be set.  **A preliminary hearing and status hearing is set for <u>May 12, 2022, at 1:30 p.m.</u>**

Defendant shall remain in custody pending the detention hearing and shall be afforded reasonable opportunity for private consultation with counsel.

If a party desires this Court to reconsider detention because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested.  This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

Additionally, under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence.  *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009).  Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence.  If doubt exists, it should be resolved in favor of the

ORDER - 2

defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

**IT IS SO ORDERED.**

DATED May 9, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3